Victoria GRAY et al., Plaintiffs,

v.

Honorable Paul B. JOHNSON, Jr., Governor, State of Mississippi, et al., Defendants.

Civ. A. No. 3580.

United States District Court
S. D. Mississippi,
Jackson Division.

Oct. 20, 1964.

L. H. Rosenthal, Jackson, Miss., Kunstler, Kunstler & Kinoy, New York City, Morton Stavis, Newark, N. J., Smith, Waltzer, Jones & Peebles, Bruce C. Waltzer, New Orleans, La., Mel Wulf, New York City, for plaintiffs.

Joe T. Patterson, Atty. Gen., William A. Allain, Peter M. Stockett, Jr., Assts. to Atty. Gen., Jackson, Miss., for defendants.

Before GRIFFIN B. BELL, Circuit Judge, and CLAYTON and COX, District Judges.

PER CURIAM.

The plaintiffs sue under 28 U.S.C.A. § 2201 for a declaratory judgment to test

the constitutional validity of Senate Bill 1783, Mississippi Laws 1964, which became effective on April 23, 1964.[1]

■ The plaintiff (Gray) was a candidate for the United States Senate in Mississippi and was defeated in the June

I.  "Senate Bill No. 1783

"AN ACT to provide that payment of poll tax shall not be required to vote for candidates for federal offices and to provide a separate ballot therefor, and for related purposes.

"WHEREAS, by virtue of the twenty-fourth (24th) amendment to the Constitution of the United States of America, payment of poll tax is not required as a condition for voting for United States Senator, for United States Representative or for President and Vice-President or electors for President and Vice President of the United States in any general, special or primary election held in this state, and

"WHEREAS, information contained on the poll tax receipts issued in this state giving the age, sex, place of residence and election precinct is vital to the commissioners of election in revising the poll books as is lawfully required of them from time to time and shall no longer be available unless some other method of obtaining such information is devised by statute, and

"WHEREAS, it is the sense of the legislature that a statute be enacted whereby this information should be made available to the election commissioners to enable them to perform their duties in revising the registration and poll books as is required by law, NOW, THEREFORE,

"Be It Enacted by the Legislature of the State of Mississippi:

"Section 1. Notwithstanding any statute or the Constitution of this state, the payment of poll tax shall not be required as a condition for voting for United States Senator, for United States Representative or for President and Vice-President or electors for President and Vice-President of the United States, in any general, special, or primary election. To be eligible to vote for such offices, a person must be a qualified elector under the constitution and laws of this state in all others respects. Any elector who is now exempt from payment of poll tax in accordance with the statutes of this state in such cases made and provided must obtain his exemption certificate as now provided by law and hold said exemption certificate as a condition for voting generally, but any elector subject to the payment of poll tax must have paid the tax and obtained a receipt therefor in the time and manner now provided by statute or he must obtain a poll tax receipt without payment of the tax, in the manner and within the time provided in the next succeeding section of this act.

"Section 2. Any person who is subject to the payment of poll tax may apply to the tax collection of the county of his residence on or before the first of February of the year 1965 and each year thereafter for the issuance of a poll tax receipt without payment of the tax for the preceding year, to be used to identify him in voting for those officers enumerated in Section 1 hereof during the ensuing voting year; provided, however, that a receipt to identify the voter at elections held during the year 1964 may be obtained at any time within a period of thirty (30) days after the effective date of this act but must be obtained at least ten (10) days before any election at which he offers to vote. The applicant shall furnish to the tax collector all information necessary to enable the tax collector to fill out the banks in the poll tax receipt as required by Section 9919.5, Mississippi Code of 1942, Recompiled, and the Tax collector shall issue the receipt as in cases where the poll tax is paid, except that he shall place the following notice on the face of the original and duplicate receipt: "Poll Tax Not Paid." Applications for issuance of poll tax receipts without payment of tax shall be made as now provided by law for the issuance of poll tax receipts and the tax collector shall make the list of such persons that receive a receipt without payment of tax as now provided by Sections 3162, 9919 and 9920, Mississippi Code of 1942, Recompiled, except that those who have receipts without payment of the tax shall be listed separately, and the circuit clerk shall preserve said separate list as now provided by said Section 3162 and duplicate receipts shall be issued as therein provided.

"Section 3. A person subject to the payment of poll tax who has obtained a receipt without payment of the tax shall not be eligible to vote at any election or on any office or proposition except at elections for offices enumerated in Section 1 of this act. When such persons offer to vote, the election officers shall enter their names on a separate poll list and shall furnish them with a ballot containing only the offices and candidates on which they are entitled to vote. When

2, 1964, primary. The plaintiff (Wallace) was registered to vote in Forrest County, Mississippi, on May 6, 1964, but had not obtained a poll tax receipt to identify her and entitle her to vote in said primary under the requirements of said act. The defendants are the Governor, Secretary of State, Attorney General of the State and representative members of the State Board of Election Commissioners, the County Election Commissioners and County Democratic Executive Committees charged with the duty and responsibility of conducting primary, special and general elections in Mississippi. The Complaint designates Ceda Wallace as a plaintiff but she appears registered as Ceola Wallace. Of course, Gray has no interest in the general election as a candidate since she was defeated in the primary, but Wallace has no poll tax receipt, and she will need such a receipt if she is to be allowed to vote in the general election on November 3, 1964. The act requires such a receipt in all primary, special and general elections. She is entitled as an interested party within the meaning of the declaratory judgment act to bring this suit to have her rights and legal relations declared by the Court, whether she truly represents anybody else or not.

The case is presented to the Court on stipulation of counsel for the parties on the pleadings, consisting of the amended complaint, answer of the defendants, motion to dismiss or abstain; and motion of the plaintiffs for a summary judgment.

The question thus posed is as to whether or not this act on its face impinges upon the twenty-fourth amendment to the Constitution of the United States.[2] The Court is thus confronted with the inescapable necessity of passing on the constitutional validity of this act.

The defendants contend that the act does not deny or abridge the right of any citizen to vote in any election "by reason of failure to pay any poll tax" but simply provides an only source of information available to election officials as to whom is qualified to vote in any election. The name, age, sex, place of residence and voting precinct would be dis-

other offices or propositions are to be voted on at the same time, the election officers shall provide separate ballots listing only the Federal offices to be voted on. When the ballot is to be cast on a voting machine, all other offices and propositions shall be locked out before the voter enters the machine. The returns of the election shall show, separate from other voters, the number of persons voting on poll tax receipts issued without payment of the tax.

"Section 4. Provided further that after the year 1965, all persons offering to vote at any primary election for any office enumerated in Section 1 of this act without payment of poll tax shall present said receipt obtained without the payment of tax as required for the presentation of poll tax receipts by Section 3161, Mississippi Code of 1942, Recompiled, and shall not be permitted to vote in any primary election for the offices enumerated in Section 1 of this act unless said receipts shall have been obtained annually on or before the first day of February of the year such poll tax is due for the two years prior to the time such person offers to vote and unless such person has in his or her possession at the time he offers to vote poll tax receipts issued without payment of tax for the two preceding years.

"Provided, further, that it shall not be necessary to obtain said receipts annually in order to vote in a general election for the offices enumerated in Section 1 of this act, but no person shall be permitted to vote in such general election unless he shall have obtained, on or before the first day of February of the year in which he offers to vote, poll tax receipts without the payment of the tax for the two preceding years.

"Section 5. This act shall take effect and be in force from and after its passage.

"Approved April 23, 1964."

2. Twenty-fourth Amendment

Section 1. *"The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax."*

Passed January 23, 1964

closed by one of these poll tax receipts which thus serves for identification purposes. '

The act provides that any voter exempted by state law from payment of the poll tax as a prerequisite to voting may vote in any election upon presenting to the election officials an exemption certificate from the circuit clerk of the county. Such a certificate once obtained suffices for all elections thereafter.[3] That provision, among others, seems to belie the claimed purpose of this act. In effect it creates two procedures—one for the voter exempted by state law and another more burdensome one for those exempted by Amendment XXIV. This just will not do. This defect appears on the face of the act and thus this law is constitutionally invalid as an inescapable conclusion of law. The plaintiffs as registered voters possess the necessary requisites of being interested parties, although their appearance as representing any class be very seriously doubted. The act does not contain a savings clause. If it be infirm in any material respect, the entire enactment must fall. It may not be gainsaid from any fair reading and interpretation of the act that its onerous requirements are occasioned solely by reason of the failure of the registered voter to pay his poll tax. Such a voter after 1964, must have two such poll tax receipts, both dated on or before February 1 for the two years next preceding the election at which he offers to vote. He has thus been excused literally from paying the tax as such but by reason of the non-payment thereof he has been required to get the requisite poll tax receipts within a fixed time from the sheriff who is not an election official or the custodian of registration records or data. He is the official who collects and receipts for the poll taxes from persons who wish to vote in state elections.

■■ The word "abridge", according to Webster's New International Dictionary, Second Edition, means to diminish or curtail; to deprive, to cutoff. When the word is used in connection with and following the word "deny", it means to circumscribe or burden. It was the clear intention and purpose of the Twenty-Fourth Amendment to the Federal Constitution that neither the United States, nor any state should impair the vested right of a duly registered voter to vote by reason of his failure to pay a poll tax. No state is thus permitted to circumscribe or burden or impair or impede the right of a voter to the free and effective exercise and enjoyment of his franchise in any election for a Federal official "by reason of failure to pay any poll tax", as the amendment expressly provides. The same view was expressed by a Three Judge United States District Court in the Eastern District of Virginia, in Lars and Forssenius v. Harman, Civil Action No. 3897, and Henderson v. Harman, D.C., 235 F.Supp. 66 decided May 29, 1964.

■■■ The Court is thus of the opinion that Senate Bill 1783, Mississippi Laws 1964, is unconstitutional, as being in violation of the Twenty-fourth Amendment to the Constitution of the United States. The plaintiffs' motion for a summary judgment will, therefore, be sustained because there is no genuine issue as to any material fact, and the plaintiffs are entitled to a declaratory judgment as a matter of law. The defendants' motions to dismiss or abstain will be overruled even though no state court has passed on the validity of said act. George W. Doud v. Orville Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577. The defendants admit in their answer that the act will be applied and enforced until its enforcement is enjoined. That will be done. A judgment will be prepared and entered by the Court to declare Senate Bill 1783, Mississippi Laws 1964, to be unconstitutional and void on its face, and effectively and permanently enjoining its application and enforcement; and providing for necessary process for the proper enforcement of such judgment.

3. Miss.Code Ann. § 3163 (Supp.1962).