**STATE v. HENELY.**
No. 74-1089 CA 1.
Circuit Court, Sarasota County.
January 10, 1975.

William Willner, Assistant State Attorney, for the state.

Thomas M. Gallen of Miller, Gallen, Kaklis & Venable, Bradenton, for the defendant.

LYNN N. SILVERTOOTH, Circuit Judge.

*Opinion:* This cause came on for hearing on plaintiff's and defendant's motions for judgment on the pleadings and defendant's motion for summary judgment. The court upon consideration of the pleadings, exhibits and depositions, concludes and finds as follows —

In June 1973 the defendant as owner and operator of DeSoto Plaza Mobile Home Park distributed certain park rules to the residents, including Mrs. Geraldine G. Hollister, plaintiff's complainant and a mobile home owner and resident in the park. The park rules provided, inter alia —

SALE OF EIGHT-OR-TEN-FOOT WIDE MOBILE HOMES

In the interest of upgrading the park, residents who sell their eight-or-ten foot wide mobile homes or their buyers must immediately remove their mobile homes from the park.

In February 1974 Mrs. Hollister advised the park manager of her desire to move from the park, and asked for permission to sell her eight-foot-wide mobile home and allow it to remain in the park. The manager denied her request, citing to her the above park rule.

Upon complaint by Mrs. Hollister to the state attorney's office, a suit was filed by the state against the defendant seeking an injunction against the enforcement of the rule on the basis that it violates the provisions of Fla. Stat. 83.71. The defendant filed an answer seeking a declaratory decree. Fla. Stat. 83.71 reads as follows —

No mobile home park shall make or enforce any rule which shall deny any resident of such mobile home park the right to sell said resident's mobile home within the park or which shall require the resident to remove the mobile home from the park solely on the basis of the sale thereof. The purchaser of said mobile home, if said purchaser would otherwise qualify with the requirements of entry into the park under the park rules and regulations, may become a tenant of the park, subject to the approval of the park, but such approval may not be unreasonably withheld. The park shall not exact a commission or fee with respect to the price realized

by the seller unless the park owner or operator has acted as agent for the mobile home owner in the sale pursuant to a written contract. If for any reason the park refuses permission to any resident to sell to a qualified buyer and prospective tenant after three bona fide offers, then the next offer may be accepted as a matter of course.

The state contends that the statutory prohibition against requiring a resident to remove a mobile home on the basis of a sale makes the rule unlawful and unenforceable. Defendant contends that the language of the statute clearly states that removal cannot be based "solely" on a sale, but that the reason for removal in this case is not based "solely" on the sale, but on the additional fact that Mrs. Hollister's mobile home is only eight feet wide.

The court is of the same opinion as to the construction of Fla. Stat. 83.71 as the defendant. The statute under consideration appears to be designed to protect the resident against paying the park owner a commission on sales which were not earned — but not prohibit him from keeping his park upgraded.

The state also argues that if the rule is lawful a recent Supreme Court decision would require that the park residents be given twelve months from the date of sale to remove the mobile home. Palm Beach Mobile Homes, Inc. v. Strong, 300 So.2d 881. The court does not interrupt the opinion that way. At the most it would require that the resident have knowledge of the rule at least twelve months before removal could be required.

Upon the basis of the above findings and opinion, it is ordered and adjudged that the state's request for an injunction is denied, and it is further ordered and decreed that the specific rule of defendant's park set forth above is not in conflict with Fla. Stat. 83.71 and therefore not unlawful.

*Final judgment:* This cause coming on for hearing upon the motions of both parties for summary judgment, and the court upon consideration of the pleadings and upon argument of counsel finds that the defendant is entitled to a summary judgment on the basis that there is no genuine dispute as to any material facts and that the defendant's mobile home park rule alleged in plaintiff's complaint is not unlawful and not in conflict with Fla. Stat. 83.71.

It is therefore ordered and decreed that the plaintiff remove from the defendant's mobile home park her ten by fifty foot 1963 Cortez Model Mobile Home, license number 16 MH 2926, located on lot 29, 1100 DeSoto Rd., DeSoto Plaza Mobile Home Park, within 15 days from the date hereof and upon the failure of the plaintiff to voluntarily remove said mobile home the defendant shall be entitled to a writ of assistance.