BOARDMAN, Chief Judge.
Appellant/plaintiff appeals an adverse final judgment rendered in an action seeking an injunction to restrain appellee/defend-ant from violation of Section 83.71, Florida Statutes (1975).[1] The statute states in part:
(1) No mobile home park shall make or enforce any rule which shall deny or abridge the right of any resident of such mobile home park or any owner of a mobile home located in such park to sell said mobile home within the park or which shall require the resident or owner to remove the mobile home from the park solely on the basis of the sale thereof.

Appellee is the owner and operator of a mobile home park in Sarasota County, Florida. The park consists of 470 individual lots and common areas which include a club house, swimming pool, therapy pool, shuffle board, and recreation room. Each resident of the park owns his own mobile home, but the lot upon which the home is located is leased from appellee pursuant to a written rental agreement. The agreement incorporated by reference certain park rules which in pertinent part provide that:
Selling tools such as signs will not be allowed to be displayed in windows, on the home or appurtenances, nor on the lawn.
Two residents of the park placed four inch by eight inch “for sale” signs in the windows of their mobile homes and were threatened by appellee with enforcement proceedings. The residents filed a complaint with John J. Blair, the state attorney at that time, who filed a complaint in the circuit court. At a hearing on the state’s application for a temporary injunction, ap-pellee introduced evidence as to the favorable purposes of the park rule under attack and as to the other forms of advertising available to the residents. The trial court found that the rule did not abridge the statutory right of mobile home owners to sell their mobile homes. We disagree and reverse.
Our point of departure with the trial judge’s ruling is interpretation of the *1103 statute, particularly the language “deny or abridge the right ... to sell. . . ” It is uncontroverted that “[t]he word ‘abridge’ means diminish, curtail, deprive, cut off, reduce.” Jolicoeur v. Mihaly, 5 Cal.3d 565, 96 Cal.Rptr. 697, 700, 488 P.2d 1, 4 (1971), citing Webster’s New International Dictionary 6 (3d ed. 1961). See also Schermerhorn v. Local 1625 of Retail Clerks International Association, 141 So.2d 269 (Fla.1962). The phrase “deny or abridge” means circumscribe or burden. Gray v. Johnson, 234 F.Supp. 743 (D.C.Miss.1964). We do not agree that the right to sell is restricted to alienation or transfer of title any more than the right to vote is restricted to one who pays a poll tax as in Gray or the right to work is restricted to union members and those nonunion members who pay the equivalent of union fees as in Schermer-horn. Although a law which guarantees a right which by its terms shall not be denied or abridged may permit a reasonable curtailment of that right, it cannot be construed to permit restrictions which would render the right useless. See Schermer-horn, supra. It is our view that the absolute prohibition, regardless of size, character, or placement, of a “for sale” sign places an unlawful burden on the right to sell by diminishing the implementation of that right.
We agree with the trial judge that the intent of the legislature was not to prohibit the park owner “from keeping his park upgraded.” State v. Henely, 41 Fla. Supp. 190, 192 (Fla. 6th Cir. Ct.1975). The owner and the tenants of a mobile home park have a common interest in a guarantee that their surroundings will be pleasant and maintained according to a certain standard. This opinion is not to be construed, therefore, as prohibiting a rental agreement which incorporates a rule providing a reasonable restriction on the character, size, or placement of a “for sale” sign in the mobile home or on the lot.
Accordingly, the cause is reversed and remanded for proceedings consistent with this opinion.
HOBSON and SCHEB, JJ., concur.

. Renumbered Section 83.765, effective July 1, 1976.