GRIMES, Acting Chief Judge.
Appellant seeks review of a final judgment denying its complaint for injunctive relief regarding the posting of “for sale” signs in its mobile home park.
Appellant owns and operates the Old Bridge Mobile Home Park in Lee County. It leases home spaces to residents who own their mobile homes, and it also sells mobile homes to prospective park residents. Appellant brought suit for an injunction against several mobile home owners in the park who had placed “for sale” signs in front of their mobile homes and against two real estate brokers whose “for sale” signs had been placed on the premises of mobile home owners. Appellant contended that the erection of “for sale” signs violated rules 18 and 19 of its rules and regulations to which all residents agreed when they moved into the park. These rules provided as follows:
18. There shall be no FOR SALE or FOR RENT signs erected or displayed on Lessee’s premises. Lessee may post notice of Sale or Rental on the Park Bulletin Board.
19. Peddling and/or soliciting within the Park is forbidden. Residents annoyed by such activity are requested to report same to the Park Management. Necessary services within the Park are franchised by Park Management.
Following a hearing at which testimony was taken, the court denied appellant’s claim for injunctive relief.
In Blair v. Mobile Home Communities, Inc., 345 So.2d 1101 (Fla. 2d DCA 1977), this court construed section 83.71, Florida Statutes (1975), to preclude a mobile home park owner from enforcing a rule prohibiting the display of “for sale” signs by mobile home owners in the windows of their homes. The applicable provisions of section 83.71 have now been carried forward into section 83.765(1), Florida Statutes (1983), with the addition of certain language apparently taken from the Blair opinion. The portion of this statute which pertains to the instant case reads as follows:
(1) No mobile home park shall make or enforce any rule which shall deny or abridge the right of any resident of such mobile home park or any owner of a mobile home located in such park to sell said mobile home within the park, which shall prohibit the mobile home owner from placing a “for sale” sign on or in his mobile home, the size, placement and character of all signs to be subject to reasonable rules and regulations of the mobile home park, or which shall require the resident or owner to remove the mobile home from the park solely on the basis of the sale thereof.
Appellant, as it must, now concedes that the flat prohibition against the erection of “for sale” signs as contemplated by rule 18 cannot stand in the face of the statute. However, appellant argues that its rules can be enforced insofar as they may be construed to prohibit the erection of a real estate broker’s sign on the premises of a mobile home owner. Appellant admits that its motivation for the suit is to protect its advertising investment and profits related to the sale and resale of mobile homes to prospective park residents.
Testimony taken below supported the conclusion that the posting of a notice of *1202 sale on the park bulletin board could not be reasonably expected to bring about a sale. Several witnesses testified that the most effective way for an owner to sell his mobile home was by employing a real estate broker who would post a “for sale” sign bearing the broker’s name on the owner’s premises. This method was said to be particularly useful to an owner who was absent from the park for long periods of time.
Section 83.765(1) is designed to prevent a mobile home park from unreasonably restricting its mobile home owners from selling their mobile homes. As we stated in Blair v. Mobile Home Communities, Inc., “Although a law which guarantees a right which by its terms shall not be denied or abridged may permit a reasonable curtailment of that right, it cannot be construed to permit restrictions which would render the right useless.” Id. at 1103. Therefore, we hold that the appellant’s efforts to prevent the posting of real estate brokers’ signs on the mobile home owners’ premises cannot prevail. The issues concerning the “size, placement and character” of the signs are not before us because appellant’s rules do not address these matters.
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.