309 So.2d 180 (1975)
HIDDEN HARBOUR ESTATES, INC., Appellant,
v.
Bradford E. NORMAN and Evelyn E. Norman, Appellees.
No. 74-824.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
*181 Walter M. Meginniss, of Crary, Buchanan & Meginniss, Stuart, for appellant.
Harold W. Long, Jr., Stuart, for appellees.
DOWNEY, Judge.
The question presented on this appeal is whether the board of directors of a condominium association may adopt a rule or regulation prohibiting the use of alcoholic beverages in certain areas of the common elements of the condominium.
Appellant is the condominium association formed, pursuant to a Declaration of Condominium, to operate a 202 unit condominium known as Hidden Harbour. Article 3.3(f) of appellant's articles of incorporation provides, inter alia, that the association shall have the power "to make and amend reasonable rules and regulations respecting the use of the condominium property." A similar provision is contained in the Declaration of Condominium.
Among the common elements of the condominium is a club house used for social occasions. Pursuant to the association's rule making power the directors of the association adopted a rule prohibiting the use of alcoholic beverages in the club house and adjacent areas. Appellees, as the owners of one condominium unit, objected to the rule, which incidentally had been approved by the condominium owners voting by a margin of 2 to 1 (126 to 63). Being dissatisfied with the association's action, appellees brought this injunction suit to prohibit the enforcement of the rule. After a trial on the merits at which appellees showed there had been no untoward incidents occurring in the club house during social events when alcoholic beverages were consumed, the trial court granted a permanent injunction against enforcement of said rule. The trial court was of the view that rules and regulations adopted in pursuance of the management and operation of the condominium "must have some reasonable relationship to the protection of life, property or the general welfare of the residents of the condominium in order for it to be valid and enforceable." In its final judgment the trial court further held that any resident of the condominium might engage in any lawful action in the club house or on any common condominium property unless such action was engaged in or carried on in such a manner as to constitute a nuisance.
With all due respect to the veteran trial judge, we disagree. It appears to us that inherent in the condominium concept *182 is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with the private ownership of property. It provides, for example, that no sale may be effectuated without approval; no minors may be permanent residents; no pets are allowed.
Certainly, the association is not at liberty to adopt arbitrary or capricious rules bearing no relationship to the health, happiness and enjoyment of life of the various unit owners. On the contrary, we believe the test is reasonableness. If a rule is reasonable the association can adopt it; if not, it cannot. It is not necessary that conduct be so offensive as to constitute a nuisance in order to justify regulation thereof. Of course, this means that each case must be considered upon the peculiar facts and circumstances thereto appertaining.
Finally, restrictions on the use of alcoholic beverages are widespread throughout both governmental and private sectors; there is nothing unreasonable or unusual about a group of people electing to prohibit their use in commonly owned areas.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for the appellant.
OWEN, C.J., and CROSS, J., concur.