344 So.2d 1312 (1977)
Murray A. CANDIB, Appellant,
v.
Roy J. CARVER, Appellee.
No. 76-671.
District Court of Appeal of Florida, Third District.
April 26, 1977.
*1313 John W. Watson, III, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and J. Frost Walker, III, Miami, for appellee.
Before HENDRY, C.J., BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Murray Candib, owner of a condominium on the 23rd floor of Palm Bay Towers Condominium, brought an action for injunctive relief to enjoin Roy J. Carver from violating (Article X, Subsection 5)[1] the Declaration of Condominium by causing excessive noise; from continuing to unreasonably annoy Candib and his family, and to enjoin Carver from landing his helicopter on or around the condominium. The complaint sought both actual and punitive damages. At the initial hearing on the complaint, it was determined that the request to enjoin Carver from landing his helicopter on or around the Palm Bay Club was moot, because a permanent injunction had been entered enjoining the Palm Bay Club from granting, permitting, or conducting any and all helicopter flying, landing, or parking on the premises.
At the hearings for injunctive relief, it was determined that the condominiums owner by Carver were directly above the condominium owned by Candib. The Declaration of Condominium of the Palm Bay Towers Condominium, Article X, Section 5, relating to nuisances, was admitted into evidence. The trial court, after hearing all the evidence, entered an order denying the injunctive relief, finding that a legal nuisance did not exist; that there being no legal nuisance, Candib's request for damages was also denied.[2]
It appears from the judgment the denial of injunctive relief or damages was based on the conclusion of the trial court that the plaintiff had not established the existence of a legal nuisance and, further, that the court cited authority for the proposition that "mere disturbance and annoyance, as such, do not in themselves necessarily give rise to an invasion of a legal right". While that proposition may be correct in the abstract, it does not have application by which a legal right is conferred for the protection of one against such activity by another.
That is the situation here, where the contract [Declaration of Condominium], after providing "no nuisance shall be allowed upon the condominium property", also separately provided that a unit owner should not so use his property as to be an unreasonable source of annoyance to unit owners or so as to interfere with the peaceful and proper use of the property by any condominium owner. Thus, not only does the contract protect against a nuisance but also confers a right of protection against a degree of annoyance, which may be less than a legal nuisance. If the intent of the contract had been to protect against only a legal nuisance, the contract provision could have so stated and stopped there without adding the other provision prohibiting the use as referred to above.
*1314 Law is cited to the effect that annoyance and interference with one's peaceful and proper use of his property, short of a legal nuisance, is not an invasion or violation of a legal right of the offended party. As pointed out above, that proposition of law does not apply here, where a legal right against such disturbance [short of legal nuisance] was expressly conferred on the unit apartment owners by the contract.
It was shown in the record that the main noise interference emanating from the defendant's condominium units, which were directly above the plaintiff's, was brought about by a type of flooring covering a certain area which had been installed by the defendant unit owner, without being insulated or soundproofed in a manner necessary to obviate excessive noise below and also without prior specification approval of the association, as provided for in the condominium documents. As owner of such a condominium unit, the plaintiff-appellant is entitled to the benefit of the rights conferred on him by the contract for protection against unreasonable noise and annoyance emanating from the apartment of another unit owner, particularly where the annoyance is the result of a construction or renovation feature created by the other unit owner.
The plaintiff made a case for enforcement of his contract right in that regard, for relief by way of injunction or damages. In this connection, see Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th D.C.A. 1971), wherein the Fourth District Court of Appeal said the following in upholding the rights under condominium documents:
* * * * * *
"Daily in this state thousands of citizens are investing millions of dollars in condominium property. Chapter 711, F.S.A., 1967, the Florida Condominium Act, and the Articles or Declaration of Condominiums provided for thereunder ought to be construed strictly to assure these investors that what the buyer sees the buyer gets. Every man may justly consider his home his castle and himself as the king thereof; nonetheless his sovereign fiat to use his property as he pleases must yield, at least in degree, where ownership is in common or cooperation with others. The benefits of condominium living and ownership demand no less. The individual ought not be permitted to disrupt the integrity of the common scheme through his desire for change, however laudable that change might be." [emphasis added]
* * * * * *
See also the opinion of the Fourth District Court of Appeal in Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th D.C.A. 1975), wherein the court again upheld condominium documents and said the following, in part:
* * * * * *
"* * * In its final judgment in the trial court further held that any resident of the condominium might engage in any lawful action in the club house or on any common condominium property unless such action was engaged in or carried on in such a manner as to constitute a nuisance.
"With all due respect to the veteran trial judge, we disagree. It appears to us that inherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with the private ownership of property. It provides, for example, that no sale may be effectuated without approval; no minors may be permanent residents; no pets are allowed.
* * * * * *

*1315 "* * * It is not necessary that conduct be so offensive as to constitute a nuisance in order to justify regulation thereof. Of course, this means that each case must be considered upon the peculiar facts and circumstances thereto appertaining.
"Finally, restrictions on the use of alcoholic beverages are widespread throughout both governmental and private sectors; there is nothing unreasonable or unusual about a group of people electing to prohibit their use in commonly owned areas.
"Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for the appellant." [emphasis added]
After the trial judge found no nuisance, he terminated the proceedings. We therefore return the matter to him to consider whether the plaintiff was entitled to an injunction enjoining the defendant from any use or practice which is an unreasonable source of annoyance or which interferes with the peaceful and proper use of his unit by the plaintiff. The court may make this determination either upon the record as made or by considering this record and such other evidence as may be offered. The trial judge should also, if he finds the defendant has violated the provision of the Declaration of Condominium [referred to in footnote 1], award such damages as he deems appropriate under the pleadings and evidence.
The final judgment here under review be and the same is hereby reversed and remanded to the trial court for further proceedings.
Reversed and remanded, with directions.
HENDRY, C.J., dissents.
NOTES
[1] "No nuisances shall be allowed upon the CONDOMINIUM PROPERTY, nor shall any use or practice be allowed which is a reasonable source of annoyance to UNIT OWNERS or which interferes with the peaceful and proper use of the CONDOMINIUM PROPERTY by any CONDOMINIUM OWNER, * * *."
[2] "1. As to Count I of the Complaint the court finds that a legal nuisance does not exist and thus the request for injunctive relief and for a restraining order is hereby denied. There being no legal nuisance the Plaintiff's request for damages is similarly denied and Plaintiff shall go hence without day. As to Count II Plaintiff has stated to the court that the allegations thereof are moot hence upon said admitted mootness said Count is hereby dismissed with prejudice."