429 So.2d 438 (1983)
MAJESTIC VIEW CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-Profit Corporation, Appellant,
v.
Arthur L. BOLOTIN and Patricia J. Bolotin, Appellees.
Nos. 82-974, 82-1236.
District Court of Appeal of Florida, Fourth District.
April 6, 1983.
Rehearing Denied April 29, 1983.
Daniel S. Rosenbaum of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellant.
Arthur M. Wolff of Wolff & Gora, P.A., Fort Lauderdale, for appellees.
DELL, Judge.
Appellant, Majestic View Condominium Association, Inc., appeals from an order denying *439 injunctive relief to enforce a provision of the declaration of condominium which controlled the keeping of pets.
The Declaration of Condominium of Majestic View Condominium Number One prohibits all animals and pets of any kind, except one dog or cat under twenty-five pounds, owned by a unit owner.[1] Appellees acquired a dog which thereafter grew larger than twenty-five pounds, and subsequently acquired another large dog. They permitted these dogs to run at will through the condominium, frightening residents and creating a nuisance. Appellant sent appellees several letters, first requesting and then demanding that appellees comply with the declaration of condominium. Appellees refused to comply and appellant filed its complaint for injunctive relief. Appellees answered and admitted every factual allegation of the complaint except those relating to adequate remedy at law, irreparable harm, and attorney's fees. Appellees also filed a counterclaim in which they alleged that appellant arbitrarily enforced or applied the pet restriction against them but not against others. The trial court found the pet rule valid and specifically found against appellees on their counterclaim, but nonetheless entered judgment in favor of appellees, and awarded them attorney's fees.
In these consolidated appeals, appellant asserts that the trial court erred when it applied a previously nonexistent constitutional "due process" test to reach the conclusion that appellant acted arbitrarily in the course of its pre-litigation enforcement efforts. Appellant also contends that the trial court erred in awarding attorneys fees to the appellee.
Appellant has correctly outlined the requirements for enforcement of a restrictive covenant such as that which is the subject of this appeal: (1) constructive or actual notice of the existence of the restriction by the defendant prior to enforcement, Hall v. Snavely, 93 Fla. 664, 112 So. 551 (1927); Hagan v. Sabal Palm's, Inc., 186 So.2d 302 (Fla. 2d DCA 1966); (2) a reasonable demand for compliance with the restriction after the breach has occurred, Richards v. Dodge, 150 So.2d 477 (Fla. 4th DCA 1963); (3) compliance with any applicable procedural due process considerations which require notice of the commencement of the litigation and an opportunity to be heard in court. U.S. Const. amend. XIV, § 1; Fla. Const. art. I § 9; Everglades Protective Syndicate, Inc. v. Makinney, 391 So.2d 262 (Fla. 4th DCA 1980).
The record demonstrates that appellant satisfied each of the foregoing requirements. First, appellees admitted that they had actual notice of the subject use restriction prior to the institution of appellant's action. Second, not only did appellant establish, and appellees admit, that appellant actually notified appellees that their actions *440 constituted a violation of the condominium restrictions, appellant also established that it had a regular procedure for notification of violations. And lastly, this court proceeding satisfies the third requirement of procedural due process in that the appellees received notice of this action, had a reasonable opportunity to be heard by the court adjudicating the matter and were provided with a full trial on the merits.
Appellees rely solely upon White Egret Condominium v. Franklin, 379 So.2d 346 (Fla. 1979), and Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975), to support the trial court's holding that:
Due process requires that there must be some procedure by which an individual unit owner is put on notice of the fact that there is a regulation. There must be some procedure by which he is given notice of a violation. There must be some procedure in which he is given an opportunity to respond to that violation, and after having been found by an association to be in violation of that particular restriction, there must be some period of time in which to comply with the dictates of the association. Should he fail to do that, the board should thereafter institute and strenuously prosecute all lawsuits to bring compliance with the restriction.
Neither of these cases compels or even authorizes this result. White Egret examined a condominium regulation which prohibited children under the age of twelve from residing in the condominium premises. The Court held that a condominium restriction or limitation does not inherently violate a fundamental right and may be enforced if it serves a legitimate purpose and is reasonably applied. The Supreme Court held that the age restriction was reasonably related to a lawful objective, but ruled in favor of the offending unit owner because the Association selectively and arbitrarily applied the reasonable restriction to the defendant but not to other unit owners. Here the Court determined
[T]hat plaintiff did not selectively enforce Article XI(c), and that the defendants [appellees] were not singled out for prosecution, nor was special treatment given to other condominium residents with respect to the enforcement of Article XI(c).
Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975), supports appellant's adoption of the restriction which is the subject of this appeal:
It appears to us that inherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization.
We interpret the trial court's final judgment as requiring a condominium association to provide a unit owner with an adversary proceeding before seeking to enforce its restrictive covenants in court. Appellees have failed to cite any cases or statutory requirements which would support the conclusion reached by the trial court. Appellees received notice of their violation of the condominium restrictions, had an ample opportunity to comply with the restrictions but acted in defiance of the restrictions by which they had agreed to be bound. Appellant properly sought to enforce the condominium restrictions through the judicial process to remedy appellees' breach. The trial court based its conclusion that appellant administered Article XI(c) in an arbitrary manner based upon his earlier conclusion that it failed to provide due process in accordance with his interpretation of the requirements of due process. We find no support for the trial court's expansion of the due process requirements as set forth in *441 the U.S. Const. amend. XIV, § 1 and the Fla. Const. art. I § 9.
The procedure followed by the condominium association complied with the requirements of Section 718 et seq., Florida Statutes (1981) and existing case law. Therefore we find that the trial court erred when it failed to enforce the restrictive covenants of the appellant condominium association. In view of our holding, the trial court's order awarding attorney's fees in favor of the appellee must also be reversed.
Accordingly, we reverse and remand this cause to the trial court with instructions to enter judgment in favor of the appellant condominium association and to conduct an evidentiary hearing and award reasonable attorney's fees to the appellant for these proceedings and for the proceedings in the court below.
REVERSED and REMANDED.
LETTS, C.J., and BERANEK, J., concur.
NOTES
[1] Article XI(c) of the Declaration of Condominium of Majestic View Condominium Number One  Phase III provides:

PETS  No animals or pets of any kind shall be kept in any unit or on any property of the condominium except in the case of a unit owner's dog or cat which is twenty-five pounds or under. In such case, said dog or cat may be kept in the townhouse unit if it is owned by the family which owns said townhouse unit provided said pet is always carried from said unit to the outside of the building. The pet shall always be kept on a leash when outside of the unit and shall never be permitted to be outside of said unit except when carried or on a leash and when outside of the townhouse unit, said pet shall only be permitted to relieve itself on the unit owner's parcel or in such area as specified by the association. The said pet shall further be kept, at all times, under the rules and regulations as may from time to time be adopted by the association, and should the pet cause or create a nuisance or disturbance, the said pet shall be permanently removed from the owner's unit and the condominium property, upon three days written notice from the association. In no event shall any pet be allowed upon or in the recreational facilities or the demised premises under the long-term lease, unless a portion thereof is so designated as the area for pets to relieve themselves. Nothing in this paragraph shall be construed to preclude any unit owner from maintaining an aquarium in his unit for goldfish or tropical fish or from maintaining any caged bird or other caged hand-sized pet within his unit so long as said pet does not cause a nuisance or disturbance for any other members of the association or their immediate families.