[No. D004256. Fourth Dist., Div. One. Mar. 12, 1987.]

BERNARDO VILLAS MANAGEMENT CORPORATION NUMBER TWO, Plaintiff and Appellant, v.
MARY BLACK et al., Defendants and Respondents.

154

COUNSEL

Roy B. Garrett for Plaintiff and Appellant.

Mary Black and Kenneth Trout, in pro. per., for Defendants and Respondents.

OPINION

**WIENER, J.**—Plaintiff Bernardo Villas Management Corporation Number Two (Bernardo Villas Management) appeals from the judgment in favor of defendants Mary Black and Kenneth Trout. We affirm.

Mary Black and Kenneth Trout lived in a condominium managed by Bernardo Villas Management. The condominium was subject to a declaration of covenants and restrictions which included: "No truck, camper, trailer, boat of any kind or other form of recreational vehicle shall be parked on the [Bernardo] Villas 6 project, except temporarily and solely for the purposes of loading and unloading, without the prior approval of the Architectural Committee. . . . The carports shall be used for parking of passenger automobiles or non-powered vehicles such as bicycles, only . . . ."

In February 1985 Trout bought a new pickup which he parked in the carport for Black's condominium. Bernardo Villas Management sued to enjoin him and Black from parking the pickup in the carport and to recover $2,060 in fines it had imposed for violating the condominium restriction.

A condominium project may impose covenants and restrictions on the use or enjoyment of any portion of the common interest area. (Civ. Code, § 1353.) These covenants and restrictions become equitable servitudes, unless unreasonable. (Civ. Code, § 1354.) █ Here, the trial court properly found the restriction unreasonable as applied to clean noncommercial pickup trucks. The court correctly concluded the parking of such vehicles in condominium carports was not aesthetically unpleasant ·to reasonable

persons and did not interfere with other owners' use and enjoyment of their property. None of the cases relied on by Bernardo Villas Management (see *Ritchey* v. *Villa Nueva Condominium Assn.* (1978) 81 Cal.App.3d 688 [146 Cal.Rptr. 695, 100 A.L.R.3d 231], *Flowers* v. *John Burnham & Co.* (1971) 21 Cal.App.3d 700 [98 Cal.Rptr. 644], *Hidden Harbour Estates, Inc.* v. *Norman* (Fla.App. 1975) 309 So.2d 180 [72 A.L.R.3d 305], *Sterling Village Condominium, Inc.* v. *Breitenbach* (Fla.App. 1971) 251 So.2d 685) involve similar facts or suggest that a court is without power to refuse to enforce an unreasonable restriction.

Here, the subject of controversy was a new, clean pickup truck which the defendants used solely for personal transportation primarily to and from work. The court's impression was that the pickup with its camper shell was the equivalent of a station wagon. Beauty—even with cars—is in the eye of the beholder. In this world where those persons concerned with upwardly mobile status frequently drive off-road vehicles including well-appointed jeeps or pickup trucks, we think the trial court's ruling is eminently sensible. The pickup truck, often both comfortable and economical, has become for many the equivalent of the convertible in earlier years. As times change, cultural perceptions—including society's acceptance of certain types of vehicles—also change. The pickup truck no longer has a pejorative connotation. One person's Bronco II is another's Rolls-Royce.

The judgment is affirmed.

Kremer, P. J., and Lewis, J., concurred.