COPE, Judge.
Casa Del Mar Condominium Association, Inc., appeals a final order dismissing its amended complaint for injunctive relief and incidental damages. We reverse.
For present purposes the allegations of the amended complaint are taken as true. The amended complaint asserts that the condominium association president was asked to meet with the defendant-appellee condominium unit owner on the twenty-third floor of the condominium building. The unit owner voiced complaints about ongoing renovation work relating to his unit. The association president promised to look into the matter. When the association president attempted to leave, the owner would not let him depart, threw him against the wall, threw him to the floor, and uttered various threats directed at the association and at the association president. Included was the threat that “You better not go because the next time you won’t have the chance to answer.”
The association brought an action for an injunction to prevent future acts of physical violence or threats of violence against the association, its board of directors, and association employees, as well as residents of the condominium. The trial judge dismissed on the theory that this was a private dispute between the condominium president and the unit owner, so that the condominium association did not have standing to bring the action. We disagree.
Section 718.303, Florida Statutes (1993), provides in part:
(1) Each unit owner, each tenant and other invitee, and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provi *471 sions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
[[Image here]]
(b) A unit oitmer.
Id. § 718.303(1) (emphasis added). The Declaration of Condominium and Bylaws prohibit “any use or practice ... which interferes with the peaceful and proper use of the property by its residents.” Such a provision has been held to be enforceable by injunction, albeit on different facts. See Candib v. Carver, 344 So.2d 1312 (Fla. 3d DCA 1977).[1] We think the acts alleged fall within the terms of the Declaration and Bylaws quoted above. Because the action for injunction is authorized by statute, the Association should have been allowed to proceed on Count I.[2]
Reversed and remanded for further proceedings on Count I.

. Candib remanded the matter to the trial court to consider the evidence and determine "whether the plaintiff was entitled to an injunction enjoining the defendant from any use or practice which is an unreasonable source of annoyance or which interferes with the peaceful and proper use of his unit by the plaintiff.” Id. at 1315. After considering the evidence on remand, the trial court found as a factual matter that there had been no violation of the condominium documents by the defendant. Candib v. Carver, 363 So.2d 1170, 1171 (Fla. 3d DCA 1978).

. The Association does not contest the dismissal of Count II.