426 So.2d 1074 (1983)
BARNETT AND KLEIN CORPORATION, Appellant/Cross-Appellee,
v.
The PRESIDENT OF PALM BEACH  A CONDOMINIUM, INC., Appellee/Cross-Appellant.
No. 82-300.
District Court of Appeal of Florida, Fourth District.
January 26, 1983.
Rehearing Denied March 11, 1983.
Harvey J. Garod of Shutts & Bowen, Lake Worth, for appellant/cross-appellee.
Max Schorr, Palm Beach, Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for appellee/cross-appellant.
HURLEY, Judge.
This appeal involves a dispute between a unit owner (Barnett & Klein Corp.) and a condominium association (The President of Palm Beach  A Condominium, Inc.). We hold that the trial court correctly invalidated a house rule which limited rentals. The court erred, however, by failing to award damages, costs and attorney's fees to the unit owner on its count for tortious interference with a contractual relationship. Accordingly, we affirm in part, reverse in part and remand with instructions.
*1075 The unit owner filed a two-count complaint against the condominium association. Count I sought to invalidate a house rule which regulated the leasing of units. The rule specified that unit owners who held title prior to March 12, 1979, could lease their apartments once a year, whereas unit owners who took title after that date were limited to one rental every two years. Ostensibly, this rule was passed pursuant to Article XII of the association's by-laws which authorizes the board of directors to adopt rules and regulations. The same by-law, however, states that all rules and regulations "shall be equally applicable to all members, and uniform in their application and effect." There can be no question but that the rule, by creating two categories of unit owners and treating each differently, contravenes the by-law and, therefore, is ultra vires and invalid. See Wenger v. Breakwater Homeowners' Association, 423 So.2d 619 (Fla. 4th DCA 1982); see also White Egret Condominium, Inc. v. Franklin, 379 So.2d 346 (Fla. 1979) (Disapproving an unequal and arbitrary enforcement of a restriction).
Despite its invalidation of the house rule, the trial court declined to award damages to the unit owner on its count for tortious interference with a contractual relationship. The court found that the unit owner's "claim for damages is not supported by the greater weight of the evidence." We are compelled to disagree.
The evidence in the case at bar indisputably established: (1) that the unit owner entered into a contract to lease its apartment to a prospective tenant, (2) that the contract was frustrated solely and exclusively because of the unjustified action of the condominium association in denying approval of the lease and (3) that the unit owner suffered damages as a result of the association's action. Thus, the uncontradicted evidence established the requisite elements for tortious interference with a contractual relationship. See Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), petition for review denied, 411 So.2d 383 (Fla. 1981).
Bearing in mind the general principle that "a trial court's judgment, even if insufficient in its findings, should be affirmed if the record as a whole discloses any reasonable basis, reason or ground on which the judgment can be supported," Firestone v. Firestone, 263 So.2d 223, 225 (Fla. 1972), we have reviewed the record to see if there is an alternate basis to uphold the court's decision. We can find none. We have considered the condominium association's contention that the unit owner was equitably estopped from challenging the house rule because of the owner's action in signing a letter in which it agreed to obey all house rules. In our view, this is legally insufficient to support a claim of estoppel. Estoppel is equitable in nature and "depends upon the facts and circumstances of each case." Dokken v. Minnesota-Ohio Oil Corp., 232 So.2d 200, 203 (Fla. 2d DCA 1970). We cannot permit estoppel here for it would allow the association not only to profit from, but also to perpetuate its own wrongdoing. "A party's wrongful act cannot ordinarily serve as the basis for a claim of estoppel against another." Opler v. Wynne, 402 So.2d 1309, 1311 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 472 (Fla. 1982). In this case, the association was charged with the knowledge of its own by-laws and either knew, or should have known, that an existing by-law precluded a rule of this nature. Consequently, we decline to accept the association's contention that the unit owner, by agreeing to obey the house rules, impliedly waived an essential right of condominium ownership, i.e., the owner's right to seek legal redress to force the association to abide by its declaration and by-laws.
Accordingly, we affirm in part, reverse in part and remand with instructions to enter a money judgment for the unit owner, plus court costs and attorney's fees.
ANSTEAD, J., and SHAHOOD, GEORGE, Associate Judge, concur.