GRIMES, Acting Chief Judge.
This is the second chapter of a dispute between Old Bridge Park and certain of its tenants.
*289 Old Bridge sued to enjoin several of its mobile home tenants from erecting real estate brokers’ “for sale” signs on their premises in violation of a park rule. In Old Bridge Corp. v. Dugan, 463 So.2d 1200 (Fla. 2d DCA 1985), this court affirmed the denial of Old Bridge’s claim for injunctive relief and held that section 83.-765(1), Florida Statutes (1983), precluded Old Bridge’s efforts to prevent the posting of real estate brokers’ signs on the mobile home owners’ premises.
At the time the court entered its order against Old Bridge’s claim for injunction, there remained pending a counterclaim for injunction and damages in which the tenants contended that Old Bridge was interfering with their right to sell their mobile homes. Later, but before this court passed on the denial of Old Bridge’s claim for injunction, the court held a hearing on the counterclaim and entered a judgment against the tenants. The appeal from that judgment is now before us, and the Federation of Mobile Home Owners of Florida, Inc., has been permitted to appear as ami-cus curiae.
Since the trial judge originally rejected Old Bridge’s efforts to obtain the removal of the “for sale” signs, it is not clear why he declined to enjoin Old Bridge from seeking to enforce its rule against the posting of such signs. It may be that he felt the matter was moot because the record indicates that by the time of the hearing on the counterclaim, Old Bridge had modified its rule on “for sale” signs. The text of the new rule is not before us, but from the colloquy of counsel, we gather that it contains a prohibition against having advertisements or other persons’ names or phone numbers on the signs. Yet, if this is so, the current rule would contravene this court’s holding that Old Bridge cannot prohibit the posting of real estate brokers’ signs. In any event, in light of our decision, we believe that the need for injunctive relief should be revisited.
The only appellant seeking damages is Jerome Piereth. He presented unrebutted testimony that he had signed a contract to sell his mobile home for $23,000. Old Bridge’s park manager told Piereth’s real estate broker that Old Bridge would not approve the sale of Piereth’s mobile home because Old Bridge was then seeking to evict Piereth for violating its new rule with respect to real estate brokers’ signs.[1] However, the manager told him that Old Bridge would approve the sale of any other home in the park to the prospective purchaser. As a consequence of Old Bridge’s position, Piereth’s sale fell through.
Section 83.765(1), Florida Statutes (1983), which is part of the Florida Mobile Home Landlord and Tenant Act,[2] reads in pertinent part:
(1) No mobile home park shall make or enforce any rule which shall deny or abridge the right of any resident of such mobile home park or any owner of a mobile home located in such park to sell said mobile home within the park, which shall prohibit the mobile home owner from placing a “for sale” sign on or in his mobile home, the size, placement and character of all signs to be subject to reasonable rules and regulations of the mobile home park, or which shall require the resident or owner to remove the mobile home from the park solely on the basis of the sale thereof. The purchaser of said mobile home, if said purchaser would otherwise qualify with the requirements of entry into the park under the park rules and regulations, may become a tenant of the park, subject to the approval of the park, but such approval may not be unreasonably withheld.
Section 83.753, Florida Statutes (1983), states that every rental agreement or duty covered by the Act imposes an obligation of good faith in its performance or enforce *290 ment. Section 83.761, Florida Statutes (1983), provides a civil remedy for damages for violation of the Act.
The importance of a mobile home owner being able to sell his unit in place was discussed in Stewart v. Green, 300 So.2d 889 (Fla.1974). Piereth’s prospective purchaser was obviously acceptable to Old Bridge because its manager indicated that it would lease other lots to him. The fact that Old Bridge was seeking to evict Pier-eth would not serve as a justification for refusing to re-lease to Piereth’s purchaser. Moreover, Old Bridge was apparently seeking to evict Piereth for the erection of a sign which we have now held that he had a right to erect. The undisputed facts demonstrate that Old Bridge violated the Florida Mobile Home Landlord and Tenant Act.
In Barnett & Klein Corp. v. President of Palm Beach-A Condominium, Inc., 426 So.2d 1074 (Fla. 4th DCA 1983), a condominium owner lost an opportunity to lease his unit because of an association rule which treated categories of unit owners differently. The trial court held the rule to be invalid but declined to award any damages to the unit owner. On appeal the court said:
The evidence in the case at bar indisputably established: (1) that the unit owner entered into a contract to lease its apartment to a prospective tenant, (2) that the contract was frustrated solely and exclusively because of the unjustified action of the condominium association in denying approval of the lease and (3) that the unit owner suffered damages as a result of the association’s action. Thus, the uncontradicted evidence established the requisite elements for tortious interference with a contractual relationship.
426 So.2d at 1075. The court reversed with instructions to enter a money judgment for the unit owner.
While Barnett & Klein Corp. was grounded upon a theory of tortious interference with a contractual relationship, we find it analogous in determining damages. Here, Piereth entered into a contract to sell his mobile home. The contract was frustrated solely because of the unjustified action of Old Bridge in refusing to re-lease Piereth's lot to the prospective purchaser. Piereth suffered damages as a result of Old Bridge’s action. Thus, the court erred in refusing to award damages to Piereth.
We reverse the denial of appellants’ claim for injunction and remand for reconsideration depending upon current circumstances. We reverse the judgment against Piereth and remand for a hearing to determine damages to be awarded in his favor.
SCHEB and OTT, JJ., concur.

. We construe this statement to mean that Old Bridge would not re-lease Piereth’s lot to the prospective purchaser of his mobile home.

. Subsequent to the occurrences which prompted this dispute, the legislature replaced this act with the Florida Mobile Home Act, Chapter 84-80, Laws of Florida.