GRIFFIN, Judge.
This is the appeal of final summary judgments and orders denying leave to amend in two cases consolidated for the purposes of appeal. Appellee, Palm Coast Construction Company, Inc. (“PCC”), defendant below, was both the developer and builder of Pine Lakes Condominiums in Palm Coast, Florida. The Pine Lakes condominium structures were “fourplexes,” each containing four different condominium units. These units had garages of varying sizes: garages for the two largest units in each fourplex were 19 feet wide, while garages for the two smaller units were respectively 15 feet 4 inches and 16 feet wide. The company had one model fourplex on site, which it showed to prospective purchasers.
Appellants, Mr. and Mrs. Robinson and Mrs. Roby,[1] were purchasers of two of the smaller condominium units.[2] When appellants toured the models before purchasing, they allegedly were shown the garage for one of the larger units; however, prior to purchase, they were given a set of plans that showed the dimensions of the unit they were purchasing, including the dimensions of the small garage.
The Amended Covenants and Restrictions applicable to all Pine Lakes units as of the sale[3] provided:
5. Uses and Structures
* * * * * *
(b) Garage and Driveway — Each Dwelling Unit in a multi-structure unit shall have an enclosed garage and sufficient driveway to accommodate two cars.
[[Image here]]
(d) Vehicles — No motor vehicle ... may be parked or stored on any portion of “Parcel” unless same are parked or stored in an enclosed garage. Notwithstanding the above, an automobile may be parked on any paved portion of the “Parcel”, provided said automobile is not parked thereon in excess of twelve (12) consecutive hours. On-street parking is prohibited.
:*****
7. Construction Standards
******
(f) Garages/Driveways
(1) All garages to be placed on the “Parcel” shall be attached to the Multi- *1353 Unit structure and each garage shall be of sufficient size so as to accommodate at least two (2) regular-sized automobiles.
After the appellants’ units were completed and both couples moved in, they claim to have discovered that the garages were so small that two regular-sized automobiles would not fit at the same time. Appellants filed suit claiming a loss of market value of their properties because they have only a one-car garage instead of a two-car garage and because the units are nonconforming under the covenants and restrictions and are thus either unsalable or diminished in market value.
This litigation has a long and undistinguished pleading history, which is not necessary to reprise in detail, except to note that, at the time appellee refiled its summary judgment motion, appellants’ claims sounded in negligence. The summary judgments rendered in favor of PCC based on negligence were plainly proper under the “economic loss” rule. Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla.1987), and AFM Corp. v. Southern Bell, 515 So.2d 180 (Fla.1987).
Although the summary judgments were entered “without prejudice to any cause of action which might be available to Plaintiffs ex contractu,” when appellants sought leave to file a Second Amended Complaint to allege a cause of action for breach of implied warranty,[4] the motion was denied based on the lower court’s express conclusion that the appellants could not state any cause of action.
The issue, therefore, is whether appellants, as purchasers of new condominium units from the developer, can have any cause of action where the units are built in accordance with the plans and specifications but violate the construction standards of the condominium’s restrictive covenants. No case on this precise point has been presented to us by either party, but we conclude, under the facts of this case, that a cause of action ex contractu can be stated and that appellants’ motion for leave to amend should have been granted. Just as a condominium developer has a duty to build and sell condominiums that comply with state and local building codes, even though such a duty may not be expressly stated in the contract for sale and purchase, the developer/builder also impliedly covenants it will build in compliance with the condominium’s restrictive covenants.
We cannot agree with PCC that appellants cannot state a cause of action because there has been no effort to enforce compliance with the restrictive covenants. Although we agree that appellants cannot recover damages because the unit has a small garage, there may be a diminution in market value due to the restrictive covenant nonconformity. To this extent, appellants may be able to state a cause of action.
We agree with the lower court that a warranty claim such as this may fail where there is evidence of a knowing waiver of the implied covenant either at the time of purchase or upon acceptance of the completed unit. On the record developed thus far in this case, however, the question of a knowing waiver of the developer’s contractual breach is an unresolved issue of fact.
REVERSED and REMANDED for proceedings consistent with this opinion.
COBB and PETERSON, JJ., concur.

. Mr. Roby was a plaintiff below, but died prior to this appeal.

. The Robinsons purchased the Antigua model which had a base price of $116,000. The Robys purchased the Barcelona model which had a base price of $126,000.

.The amendments became effective November 24, 1981.

. These complaints alleged, inter alia, that PPC had a duty to design, construct and sell units that complied with the covenants and restrictions; that the garage was constructed in violation of the covenants and restrictions in that it was too small to accommodate two "regular” cars; that the defects were latent and that appellants had no knowledge of the defect prior to purchase.