ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our previous opinion and substitute the following in its place.
We affirm the final judgment entered in this cause in the insurer’s favor. However, we reverse the award of attorney’s fees to it pursuant to the offer of judgment. Appellant insured had sued the insurer, claiming it had not paid under its policy for property damage to appellant’s automobile. Appellee answered, insisting that it never received notice of the claim but admitting that it had coverage and would pay after investigation. It obtained the vehicle, examined it and tendered a cheek in satisfaction of the damages. Some days later appellee filed in court an offer of judgment for the same amount it had already paid. The case went to trial on the sole issue of whether appellee had received notice of the loss prior to suit being filed. The jury decided in appellee’s favor. We affirm that judgment.
Subsequent to trial, appellee moved for attorney’s fees based on the offer of judgment, which the court granted. The offer agreed “to settle all pending claims in this ease with the Plaintiff in the amount of $1,806.50,” which was the amount of the check for insurance damage which it had sent to appellant several days earlier. The offer did not represent new money being offered to appellant but simply represented what had already been accepted. Moreover, appellee was allowed to amend its pleadings to allege accord and satisfaction. With this set of facts, appellant could not be charged with “unreasonable rejection” of an offer that it had received before being advised that the insurance company would attempt to use it as an offer of judgment and thereby seek attorney’s fees. We therefore reverse the award of attorney’s fees.
Affirmed in part; reversed in part.
GLICKSTEIN, WARNER and POLEN, JJ., concur.
ORDER ON REHEARING
ORDERED that appellant’s motion filed January 5, 1995, for rehearing is hereby denied. The court has considered all of the arguments on the merits set forth in appellant’s motion for rehearing as though they were addressed to the original motion for rehearing filed by appellee. After consideration of the substance of those arguments, including those addressing trial errors, this court adheres to the opinion issued on rehearing.