671 So.2d 812 (1996)
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, Appellant,
v.
Richard A. MURRAY, C. Jerome Lombardo, C.J. Lombardo Company, a New Jersey corporation, and Federal Insurance Company, Appellees.
No. 94-2011.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
Rehearing and Rehearing Denied April 29, 1996.
Rosemary Wilder and Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale, and James W. Dawson of Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Fort Lauderdale, for appellant.
Harvey K. Mattel, Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied April 29, 1996.
POLEN, Judge.
United States Fidelity and Guaranty Company (U.S.F. & G.) appeals an order awarding attorney's fees to the attorney representing C.J. Lombardo Company (Company), a New Jersey insured, and Company's former owner, C. Jerome Lombardo (Lombardo) in connection with an automobile accident/personal injury claim. We affirm.
U.S.F. & G. issued an automobile liability policy to Company in New Jersey. Lombardo, *813 driving a Budget rental car in Florida, was involved in an accident with Richard A. Murray. Murray sought damages from Lombardo's personal insurer, Budget's insurer, and U.S.F. & G. U.S.F. & G. had potential liability, as its insured, Company, was a named defendant in Murray's suit. Although Lombardo had not been actively involved in the operation of Company for some ten years, he continued to receive some benefits from Company. This included the use of a company car (not the one involved in this accident) on extended trips to Florida.
U.S.F. & G. filed a suit for declaratory relief against Lombardo and Company, contending there was no coverage under their policy for the accident with Murray. Whatever merit there may have been to that aspect of U.S.F. & G.'s position, it was rendered moot upon U.S.F. & G.'s payment of $310,000 to Lombardo's insurer, Federated, to partially reimburse Federated for damages that were paid to Murray in settlement. The question, then, is what effect U.S.F. & G.'s payment has in regard to their liability for attorney's fees under section 627.428(1), Florida Statutes (1993).
This specific issue has been addressed by the Florida Supreme Court in Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla.1983), and in Collier v. Old Dominion Insurance Co., 647 So.2d 1040 (Fla. 4th DCA 1994), rev. dismissed, 660 So.2d 714 (1995). In Wollard, the court held that the settlement of a disputed case is the functional equivalent of a confession of judgment or verdict in favor of the insured, and thus, provides a basis for an award of attorney fees pursuant to statute. The trial court in that case had awarded Wollard attorney's fees; however, the district court reversed stating as a controlling rule of law: "A negotiated settlement between an insured and his insurer does not entitle the insured to attorney's fees pursuant to Section 627.428, Florida Statutes (1979)." Wollard, 439 So.2d at 218. The Florida Supreme Court disagreed stating:
When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interestthe insured's, the insurer's or the public'sand discourages any attempt at settlement. This literal requirement of the statute exalts form over substance to the detriment of public policy, and such a result is clearly absurd. It is a basic tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result. Dorsey v. State, 402 So.2d 1178 (Fla.1981); State v. Webb, 398 So.2d 820 (Fla.1981); Austin v. State ex rel. Christian, 310 So.2d 289 (Fla.1975).
Id. at 218.
The remaining issues before us are U.S.F. & G.'s contentions that Florida law does not apply, because their policy with Company was delivered in New Jersey, and that U.S.F. & G. was the prevailing party in its declaratory action with Lombardo and Company. Appellee's attorney claimed entitlement to attorney's fees pursuant to section 627.428(1), Florida Statutes (1993), which provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
U.S.F. & G. counters that section 627.401(2), Florida Statutes[1] (1993) precludes any application of section 627.428.
*814 We hold that U.S.F. & G. waived any objection to the application of section 627.428 when it stipulated that Florida law applied to this dispute, and then paid the $310,000 to Federated. The stipulation is demonstrated in the following exchange that took place between Mr. Mattel (Lombardo and Company's attorney) and Mr. Dawson (U.S.F. & G.'s attorney), in open court:
MR. MATTEL: ...
I have also told them that we have this issue of Jersey law, and I wouldunless they will agree that the issue of my attorney's fees will be determined under Florida law, I will not stipulate to it either, because I'm not going to have my client prejudiced as to attorney's fees. I was hired, and I undertook my defense.
MR. DAWSON: If that's your only problem, I'll do that, too. How's that?
....
THE COURT: Do I understand you to say, Mr. Dawson, you agree to the other matters he's raised, the other two issues he's raised, but this third one[2] you're going to have to call?
MR. DAWSON: Right. That's correct.
As to U.S.F. & G.'s reliance on section 627.401(2) precluding attorney's fees, that position might have merit had not U.S.F. & G. paid the $310,000 to Federated. Because of the application of Wollard and Collier, equating this to a confession of judgment as discussed above, the fact that the policy was delivered in New Jersey does not preclude attorney's fees under section 627.428 in this case.
Finally, U.S.F. & G.'s argument that Lombardo and Company were not prevailing parties in the declaratory action is similarly unpersuasive. Section 627.428 makes no reference to a "prevailing party." It does, of course, make reference to "[u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer...." Again, as previously discussed, the $310,000 payment by U.S.F. & G. to Federated is construed as meeting the requirements of this section by Wollard and Collier. Accordingly, we affirm the attorney's fee award to Lombardo and Company's attorney.
DELL and STONE, JJ., concur.
NOTES
[1] No provision of this part of this Chapter applies to:

(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.
[2] The third issue, not agreed to, was whether U.S.F. & G. would assume responsibility for any recovery by Murray in excess of the other two carriers' coverage of $1,010,000. Murray's demand at that time was only $500,000.