690 So.2d 705 (1997)
Nicholas A. LAGANELLA, Appellant,
v.
BOCA GROVE GOLF AND TENNIS CLUB, INC., Appellee.
No. 96-2101.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
Keith F. Backer of Law Office of Keith F. Backer, Boca Raton, for appellant.
Phillip C. Gildan and Craig S. Barnett of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellee.
PER CURIAM.
This appeal arises from the dismissal of appellant's complaint for failure to state a cause of action. Appellant filed suit against appellee, the Boca Grove Golf and Tennis Club, Inc. ("Club"), for declaratory and injunctive relief as well as damages based on the Club's rule banning smoking in all of the Club's buildings. Appellant is a homeowner in Boca Grove Plantation. His complaint alleges that social membership in the Club is mandatory for homeowners in Boca Grove Plantation, and further alleges that the Club's smoking ban was contrary to Boca Grove Plantation's Amended Declaration of Protective Covenants and Restrictions ("Declaration"). The trial court dismissed appellant's complaint with prejudice for failure to state a cause of action "based upon, inter *706 alia, [Hidden] Harbour Estates, Inc. vs. Norman, 309 So.2d 180 (Fla. 4th DCA 1975)."
We review the dismissal of a complaint seeking declaratory judgment for an abuse of discretion. See Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992). "For the purpose of passing upon a motion to dismiss the Court must assume all facts alleged in the complaint to be true." Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla. 1956); see also Health Application Sys., Inc. v. Hartford Life & Accident Ins. Co., 381 So.2d 294 (Fla. 1st DCA 1980) (if a document attached to a pleading negates the pleader's cause of action or defense, the document may be the basis for a motion to dismiss). Here, the Declaration attached to appellant's complaint does not negate his cause of action for declaratory judgment.
The trial court abused its discretion in dismissing appellant's complaint for failure to state a cause of action to the extent that it seeks declaratory judgment. In Royal Selections, Inc. v. Florida Department of Revenue, 687 So.2d 893 (Fla. 4th DCA 1997), we recently stated:
A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor. Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952); Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750 (Fla. 4th DCA 1968); Kickliter v. National Union Fire Ins. Co., 188 So.2d 872 (Fla. 1st DCA 1966).
Here, appellant was entitled to a declaration of his rights. In fact, the Norman case expressly relied upon by the trial court arose from the grant of an injunction after a trial on the merits. See Norman, 309 So.2d at 181. As we stated in Royal Selections, "[w]hile it may be appropriate to resolve this case on a motion for summary judgment or judgment on the pleadings, the trial court cannot dispose of it on a motion to dismiss." 687 So.2d at 894. We therefore reverse the dismissal of appellant's complaint to the extent that it seeks declaratory relief and remand for further proceedings consistent with this opinion.
We affirm the dismissal of the count seeking damages for failure to state a cause of action. Cf. K.D. Lewis Enters. Corp. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984). The authority relied upon by appellant, Robinson v. Palm Coast Constr. Co., 611 So.2d 1351 (Fla. 5th DCA 1993); Piereth v. Old Bridge Corp., 473 So.2d 288 (Fla. 2d DCA 1985); Barnett & Klein Corp. v. The President of Palm Beach, 426 So.2d 1074 (Fla. 4th DCA 1983), is distinguishable as appellant did not allege a cause of action for tortious interference with a contractual relationship or the breach of any warranty.
Affirmed in part; reversed in part; and remanded.
GLICKSTEIN, STONE and WARNER, JJ., concur.