750 So.2d 677 (1999)
HUMANA MEDICAL PLAN, INC., Humana Health Plan of Florida, Inc., and Humana Health Insurance Company of Florida, Inc., Appellants,
v.
Charles M. FISCHMAN, M.D., Appellee.
Nos. 98-3651, 99-0311
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
*678 Scott M. Behren, Glenn J. Waldman, and Lawrence K. Fagan of Waldman Feluren & Trigoboff, P.A., Fort Lauderdale, for appellants.
Lewis W. Murphy, Jr., of Moss, Henderson, Blanton & Lanier, P.A., Vero Beach, for appellee.
POLEN, J.
Humana Medical Plan, Inc., Humana Health Plan of Florida, Inc., and Humana Health Insurance Company of Florida ("Humana") appeal two final judgments awarding Dr. Charles M. Fischman attorney's fees on both Humana's complaint and his counterclaim. Of the five points it raises on appeal, we find none persuasive and, thus, affirm.
Fischman and Humana entered into a Physician Agreement ("Agreement") in 1994. In 1997, Humana gave Fischman notice that it was terminating the Agreement. It then contacted Fischman to retrieve patients' medical records pursuant to Paragraph 13 of the Agreement. Paragraph 13 provided,
[Fischman] agrees the medical records relating to HUMANA Members during the term of their enrollment are the property of HUMANA. [Fischman] and his agents acknowledge and agree that he and they are acting as custodians of the identity and addresses of MEMBERS and their medical records so that he can fulfill his medical obligations to provide health care to MEMBERS and provide certain documentation to state and federal agencies. Therefore, immediately upon demand by HUMANA, [Fischman] shall deliver ... the originals of all medical records and other information maintained in accordance with this AGREEMENT with respect to any HUMANA MEMBERS (past or present) which may be in his custody or control....
Despite its request, Fischman provided Humana only those records for which he had received prior written consent from his patients.
Humana subsequently filed a verified complaint against Fischman seeking the return of the records. Fischman filed an answer and affirmative defenses which included a claim for attorney's fees pursuant to the Agreement. He also filed a counterclaim seeking $3,646.00 as reimbursement for certain tests performed on patients, as well as attorney's fees and costs in connection with his filing the counterclaim. After he filed the counterclaim, Humana paid Fischman the $3,646.00 sought.
Fischman thereafter filed a motion for partial summary judgment on Humana's complaint. In the motion, he argued that under section 455.667, Florida Statutes (1997), infra, Humana did not qualify as the "owner" of the subject records. However, he noted that he would tender all patient records to Humana upon receiving an appropriate release signed by each patient or upon request by the successor treating physician.
At the hearing, Humana conceded that section 455.667 did not authorize it to obtain the records without prior written authorizations *679 from Fischman's patients. It also conceded that it did not obtain written authorizations from all of his patients. Accordingly, the court entered summary judgment on the complaint in favor of Fischman, and awarded him as the prevailing party $8,677.63 in attorney's fees and costs. It also determined that Fischman was the prevailing party with respect to his counterclaim and awarded him another $2,895.00 in fees and costs. This appeal followed.
Section 455.241, Florida Statutes (1993), the predecessor to section 455.667, which was in effect at the time Humana and Fischman executed the Agreement, governs the disclosure of patient medical records. That section prohibits the disclosure of such records to any person other than the patient, his legal representative, or other health care providers involved in the care or treatment of the patient, absent written authorization of the patient.
In this case, it was undisputed that Humana failed to remit to Fischman written authorizations from all his patients before demanding the release of their records. As such, and as a matter of law, we hold that, under section 455.241, he was not required to release these documents until he received those authorizations. Accordingly, we affirm entry of summary judgment in his favor, as well as the award of prevailing party fees on this claim.[1]
We also affirm the award of prevailing party fees on Fischman's counterclaim. Humana's voluntary payment of Fischman's claim amounted to a confession of judgment entitling him to such fees pursuant to the Agreement. See Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla.1983); U.S. Fidelity and Guar. Co. v. Murray, 671 So.2d 812, 813 (Fla. 4th DCA 1996).
As to the other issues Humana raises on appeal, we affirm.
AFFIRMED.
STONE and STEVENSON, JJ., concur.
NOTES
[1] As Humana notes, section 455.241 was subsequently amended and renumbered as section 455.667, Florida Statutes (1997). Laws 1997, c. 97-261, § 82. Unlike former section 455.241, section 455.667 defines "records owner" as

any health care practitioner who generates a medical record after making a physical or mental examination of, or administering treatment or dispensing legend drugs to, any person; any health care practitioner to whom records are transferred by a previous records owner; or any health care practitioner's employer, including, but not limited to, group practices and staff-model health maintenance organizations, provided the employment contract or agreement between the employer and the health care practitioner designates the employer as the records owner.
§ 455.667(1), Fla. Stat. (1997). However, Humana conceded at trial that it did not fit within this definition. It also conceded that none of the exceptions in this section, which authorize disclosure of such records without express patient authorization, apply. See Fla. Stat. § 455.667(5) (1997). Accordingly, we hold that, under either section 455.241 or section 455.667, summary judgment in this case in favor of Fischman was proper.