846 So.2d 1183 (2003)
LEGION INSURANCE COMPANY, Appellant,
v.
Frances MOORE, Personal Representative, Estate of James L. Moore; and Milton Spector, Inc., Appellees.
No. 4D01-1640.
District Court of Appeal of Florida, Fourth District.
May 14, 2003.
Rehearing Denied June 27, 2003.
*1184 John Beranek and Jann Johnson Bellamy of Ausley & McMullen, Tallahassee, and Edward Nicklaus of Nicklaus, Hyatt & Pena, P.A., Coral Gables, for appellant.
Henry J. Graham, Robert Scott Cox and David H. Burns of Cox & Burns, P.A., Tallahassee, for appellee Frances Moore.
FARMER, J.
An insurance carrier seeks review of an order striking its claim for a declaratory judgment as to coverage under an uninsured motorist (UM) insurance policy. To determine whether the carrier is liable for damages under the UM provision, it is necessary to resolve how the accident occurred in which claimant's decedent perished. Was it a "single vehicle" accident, or was it caused by a "phantom vehicle?" We find no error in the trial judge's determinations with respect to the declaratory judgment action.
On a rainy night in Florida, James Moore was driving a truck owned by his employer, Milton Spector, Inc. (Employer), while on business. The truck left the roadway and rolled over, killing Moore. No other vehicles were found at the scene of the accident. A witness traveling about a mile and a half behind Moore did not see any impact or collision but saw a speeding car in the vicinity at the time of the accident. When Moore's truck rolled over, the witness saw multiple sets of tail lights. There are no other known eyewitnesses.
Legion issued a policy of insurance to Employer covering the truck and driver and providing UM coverage. The UM coverage applied to accidents caused by unidentified hit-and-run vehicles, but not to "single-vehicle" accidents caused by an insured:
"`Uninsured motor vehicle' means a land motor vehicle or trailer ... that is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must ... cause an `accident' resulting in `bodily injury' to you or any `family member' without hitting you, [or] a covered ... vehicle you ... are `occupying.'
"If there is no physical contact with the hit-and-run vehicle, the facts of the `accident' must be proved. We will only accept competent evidence other than the testimony of a person making claims under this or any similar coverage."
Moore's widow (claimant) made a claim to Legion for benefits under the policy's UM coverage. After Legion denied the claim, it then filed an action for declaratory relief, naming Employer and claimant. The carrier asserted that the accident was not covered by the UM provision because it was a single-vehicle accident caused by the insured, with insufficient evidence that it was caused by another vehicle.
Claimant answered and alleged that the accident was caused by an unknown and unidentified vehicle, the speeding car described by the eyewitness, which it argued thus fell within the UM provision. She included in her Answer a claim for benefits under the UM policy. She also moved to strike Legion's declaratory judgment action as against her, arguing that it could not be used to try a disputed factual issue as to how the accident was caused. The trial judge agreed and struck the declaratory judgment action as to her.
At that point, Legion petitioned this court for a writ of certiorari, arguing that the trial judge's order striking its declaratory *1185 judgment claim was either an appealable final order, or a nonfinal order and was a departure from the essential requirements of law that would cause Legion irreparable harm. We dismissed the petition without opinion. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996) (if petitioner fails to make prima facie showing of irreparable harm in petition for certiorari review of nonfinal order, District Court of Appeal lacks jurisdiction and will enter order dismissing petition).
Legion returned to the trial court and moved to bifurcate the issue of policy coverage from the issue of damages. Legion argued that an initial trial of the policy coverage issue would be simple and avoid unnecessary expenditure of judicial time if the issue was resolved in Legion's favor. The trial judge denied the motion, explaining that trying the two issues separately would not save much judicial time. Claimant thereupon moved to realign the parties in conformity with her pending counterclaim, now that the declaratory judgment action had been stricken as against her. The trial judge granted the motion and designated her as the plaintiff and Legion as the defendant in the remaining UM action.
Employer then moved to dismiss the declaratory judgment action, which was still pending against it. It argued that because it was not making an uninsured motorist claim under the policy, it was not a "necessary and indispensable party" but only a "proper party" and should not be joined in a declaratory judgment action. It also argued because the declaratory judgment action had been stricken and the parties realigned, it was no longer a party to the suit. Legion responded that Employer was a necessary party as it was the named insured under the policy. The trial judge granted Employer's motion.
In the course of pretrial discovery, claimant notified Legion that she intended to call an expert accident re-constructionist to testify at trial. The expert concluded that the probable cause of Moore's accident was a speeding car that cut in front of his truck suddenly, causing him to steer sharply to the left and thereby spin out of control and roll over. His conclusion was based upon his study of the accident reports made by law enforcement officials, measurements of the tire marks at the accident scene, examination of photographs from the scene of the accident, and the eyewitness's statement that he saw an unidentified car speeding in the area at the time of the accident.
Legion filed a motion to exclude the expert from testifying at trial, arguing that his opinion was based on hearsay evidence. After hearing testimony and argument, the trial judge denied the motion, ruling that the expert would be allowed to testify at trial. It is at this point that Legion again sought review in this court by the present proceedings. Legion seeks review of the orders striking the entire declaratory judgment action, as well as the other orders realigning the parties, dismissing the Employer, and allowing the expert to testify at trial.
The only orders even arguably within our jurisdiction at this time are the orders ending the declaratory judgment action as to both the claimant and the Employer. Essentially the trial court concluded that because it would be necessary to determine the critical factual issue underlying this accident, a declaratory judgment action would not be provident. It therefore terminated the Chapter 86 action as to all parties.
As the court implied in Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla. 1996), the final disposition of a declaratory judgment action seeking to settle the *1186 rights and liabilities of the parties in an insurance coverage dispute is a final order. We, too, have held that the dismissal of declaratory judgment actions is reviewable as a dismissal for failure to state a cause of action. Laganella v. Boca Grove Golf & Tennis Club, Inc., 690 So.2d 705 (Fla. 4th DCA 1997); Royal Selections, Inc. v. Fla. Dep't of Revenue, 687 So.2d 893 (Fla. 4th DCA 1997).
Similarly, in Britamco Underwriters Inc. v. Central Jersey Investments Inc., 632 So.2d 138 (Fla. 4th DCA 1994), we held that even an abatement of a declaratory judgment action to determine insurance coverage could be reviewable by certiorari. We explained:
"Generally, an insurance carrier should be entitled to an expeditious resolution of coverage where there are no significant, countervailing considerations. A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.
"In the past it has generally been recognized as prudent, insurance company practice to have coverage resolved as promptly as possible.... Insurers almost routinely defend under a reservation of rights, when there is a coverage question, which we encourage. The decision to defend under a reservation of rights, however, should not preclude the insurer from resolving the coverage issue in a separate declaratory judgment action."
632 So.2d at 141. In this case, the trial court has not abated the declaratory judgment action but has instead terminated it as to all parties. We find that decision reviewable under Canal as a final order.
We point out that the necessity to determine a factual dispute does not alone defeat an action for a declaratory judgment. As we recently held in State Farm Fire & Casualty Co. v. Higgins, 788 So.2d 992, 999 (Fla. 4th DCA), review granted, 794 So.2d 604 (Fla.2001), "the more recent trend in the case law is to accord broader scope to the declaratory judgment act in reaching fact issues."
Declaratory judgment actions afford an important remedy in regard to insurance coverage questions, especially as to claims made by third parties against someone covered by the policy. Where a question of coverage is raised in that circumstance, there is a delicate problem between the insured and the carrier relating to the defense of the suit by the third party. It is important then that the question of coverage be expeditiously determined, if possible, so that the parties under the contract of insurance may achieve the benefit of their bargain of contractual rights and obligations, which might be lost otherwise. See Canal Ins., 666 So.2d at 892 ("we acknowledge that it would be in the best interests of all the parties for coverage issues to be resolved as soon as possible.").
In this case, however, we face not a third party but a first party claim by one of the contracting parties directly against the other party under the policy of insurance.[1] *1187 The essential disputed fact underlying their UM claim is whether the accident was caused by a hit-and-run driver. We assume, without deciding, that the Estate will be able to make out a prima facie case with the evidence of the eyewitness and the accident reconstruction expert.[2] The trial court's dismissal of the declaratory judgment claim thus represents a conclusion simply that there is evidence for claimant to make out a prima facie case for UM coverage; hence the carrier has not shown as a matter of law that no UM coverage would be available under any set of facts that could be proved by claimant.
Unlike the circumstances arising with third party claims in which the issue of a defense of a suit against the insured is at stake, here we face nothing more than a mine-run, disputed UM claim as to which the issue is whether the nature of the accident places the claim within such coverage. In this sense the claim in suit is not functionally different from those cases in which the carrier disputes the UM claim by contending that its insured (rather than a third party) was the cause of the accident, or that the claimant's injuries were not caused by the accident. In these circumstances, the carrier cannot avoid a jury trial by simply filing a declaratory judgment action first in which the judge alone is to determine the disputed fact.
In short, there is a logical basis for the court's determination that a declaratory judgment action would not serve any useful purpose under the circumstances of this case and might impair or defeat rights of the parties. Because Legion has failed to show any error as to the orders striking the declaratory judgment action, we therefore affirm on that issue. We lack jurisdiction to review the other orders, and so we return the case to the trial court for further proceedings.
STONE and WARNER, JJ., concur.
NOTES
[1] The deceased driver and his Estate stand in the shoes of the Employer as a "Named Insured" entitled to claim the UM benefits of the policy, if they can prove the factual basis for their claim.
[2] We also note that in the UM provision the carrier agreed that it would accept "competent" evidence, so long as the hit-and-run claim was not solely dependent on the testimony of the claimant as to how it occurred. We express no opinion as to whether this provision would itself be enforceable against the carrier by summary proceeding in the trial court.