911 So.2d 291 (2005)
BASIK EXPORTS & IMPORTS, INC., Appellant,
v.
PREFERRED NATIONAL INSURANCE COMPANY, Appellee.
No. 4D04-3089.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Millard C. Glancy, Coral Springs, for appellant.
Robert H. Schwartz and Alain E. Boileau of Adorno & Yoss, LLP., Fort Lauderdale, for appellee.
PER CURIAM.
The insured timely appeals a final order dismissing with prejudice its declaratory judgment action against its insurer. The insured argues that the insurer's settlement of a third-party claim against the insured resulted in a confession of judgment in an independent declaratory judgment action brought by it against its insurer. For the reasons that follow, we disagree and affirm the dismissal.
The facts are not in dispute. The insured purchased a commercial general liability insurance policy from the insurer. During the policy's term, a third party *292 brought a negligence action against the insured arising from an automobile accident.
Despite the policy's requirement of prompt notification, the insured failed to notify the insurer until approximately ten months after the incident. Rather than declining coverage, the insurer elected to provide a defense for the insured under a full reservation of rights. See § 627.426(2), Fla. Stat. (2004). The reservation of rights letter also advised the insured of its policy exclusion for bodily injury and/or property damage that arises out of "ownership, maintenance, use or entrustment to others of any . . .`auto'. . . owned or operated by or rented or loaned to any insured."
While the third-party claim was pending, the insured filed a declaratory judgment action against the insurer, seeking a determination of its rights under the policy. The insurer counter-claimed for declaratory relief, which remained unanswered at the time of the dismissal. The insurer settled the third-party claim within its policy limits.
The insured then filed a motion for summary judgment on the declaratory judgment action and sought attorneys fees,[1] arguing the settlement of the third-party claim amounted to a "confession of judgment" under Wollard v. Lloyd's & Co. of Lloyd's, 439 So.2d 217 (Fla.1983). The trial court denied the insured's motion for summary judgment and entered a final judgment of dismissal of the declaratory judgment action with prejudice. The trial court found the insured's claim for declaratory relief had become moot with the insurer's settlement of the third-party claim within its policy limits.
On appeal, the insured argues that the insurer's settlement of the third-party claim amounted to a "confession of judgment," entitling it to attorney's fees under section 627.428, Florida Statutes (2004). The insurer posits that such statutory fees are not available under the facts of this case. For the reasons that follow, we agree with the insurer and affirm the trial court's order of dismissal.
"We review the dismissal of a complaint seeking declaratory judgment for an abuse of discretion." Laganella v. Boca Grove Golf & Tennis Club, Inc., 690 So.2d 705, 706 (Fla. 4th DCA 1997); see also Legion Ins. Co. v. Moore, 846 So.2d 1183 (Fla. 4th DCA 2003). If reasonable people could differ as to the trial court's decision there is no abuse of discretion.[2]See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Section 627.428, Florida Statutes (2004), provides for the award of attorney's fees to an insured "upon the rendition of a judgment" against an insurer in an action between the insurer and its insured. Traditionally, this statute has been applied in first-party cases between an insured and its insurer where judgment is actually entered against the insurer. See, e.g., Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); see also Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988); Brown v. Vt. Mut. Ins. Co., 614 So.2d 574 (Fla. 1st DCA 1993).
*293 By using the legal fiction of a "confession of judgment," our supreme court extended the statute's application to situations where the insurer settles the first-party action against the insured before rendition of judgment. See Wollard, 439 So.2d 217. There, the insured was forced to file suit against its insurer when the insurer denied coverage for a first-party claim. "On the eve of trial, the parties agreed to a settlement of the claim but stipulated that the matter of any award of attorney's fees would be submitted to the trial court." Id. at 218. The trial court awarded fees under section 627.428, which the third district reversed. See Lloyd's & Co. of Lloyd's v. Wollard, 420 So.2d 940 (Fla. 3d DCA 1982). The Florida Supreme Court, however, disagreed with the third district and reversed. See Wollard, 439 So.2d 217. It reasoned that an insurer cannot escape liability for attorney's fees by settling a case with its insured prior to entry of judgment. Id. at 218.
When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, the payment of the claim is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured. Requiring the plaintiff to continue litigation in spite of an acceptable offer of settlement merely to avoid having to offset attorney's fees against compensation for the loss puts an unnecessary burden on the judicial system, fails to protect any interestthe insured's, the insurer's or the public'sand discourages any attempt at settlement.
Wollard, 439 So.2d at 218 (emphasis added).
The Wollard extension of section 627.428, however, has not generally been applied to factual scenarios similar to those in the instant appeal. Here, the insurer, on behalf of the insured, settled a third-party claim it defended under a full reservation of rights. Also, it was the insured, not the insurer, who initiated the declaratory judgment action. Thus, when the insurer settled with the third party, it did not "decline to defend its position in the pending" declaratory action. Id.
Notwithstanding these distinctions, the insured argues that United States Fidelity & Guaranty Co. v. Murray, 671 So.2d 812 (Fla. 4th DCA 1996) and O'Malley v. Nationwide Mutual Fire Insurance Co., 890 So.2d 1163 (Fla. 4th DCA 2004), support its position that the settlement of the third-party claim amounted to a "confession of judgment," entitling it to attorney's fees under section 627.428, Florida Statutes. For the reasons that follow, we disagree.
O'Malley and Murray do bear some resemblance to this case. Both cases involved third-party claims and coverage disputes. This is where the resemblance ends. In O'Malley, the insurer defended the insured under a reservation of rights, but immediately initiated a declaratory judgment action against the insured. In Murray, the insurer denied coverage, refused to provide a defense, and filed a declaratory judgment action against its insured.
In both cases, the insurers, not the insureds, initiated the declaratory judgment actions. This forced the insureds to retain counsel and incur expense in defending these coverage disputes. It makes sense for the insurer to be responsible for fees when it voluntarily dismissed the declaratory judgment action in O'Malley. The same is true in Murray. In both cases, the insurer initiated the action for declaratory relief, caused the insured to incur attorney's fees, and then tried to get "off-the-hook" for those fees by settling the underlying claims.
*294 This case presents an entirely different scenario. Unlike O'Malley and Murray, the insurer did not file suit against the insured. It did not force the insured to retain counsel and incur fees. And, it did not settle the underlying claim to avoid fees. See Wollard, 439 So.2d at 218. We therefore find O'Malley and Murray to be distinctly different from this case. Murray is further distinguishable because the parties stipulated that section 627.428, Florida Statutes, applied. Because of the stipulation, this court was not called upon to analyze the provision as it applies to the settlement of third-party claims.
Public policy also suggests that attorney's fees should not be awarded in this case. The purpose behind section 627.428, Florida Statutes, "is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies." Danis Indus. Corp. v. Ground Improvement Techniques, 645 So.2d 420, 421 (Fla.1994) (emphasis added); see also Pepper's Steel Alloys, Inc. v. U.S., 850 So.2d 462, 465 (Fla.2003). This valid purpose would be frustrated by extending the "confession of judgment" fiction in this case.
Here, the insured was not "forced to sue" the insurer to be provided a defense. In fact, the insurer appropriately provided the insured with a defense under a reservation of rights, pursuant to section 627.426(2), Florida Statutes (2004). The insurer settled the claim on behalf of the insured within its policy limits, thereby protecting the insured from financial exposure. When it did so, the coverage issue became moot as the trial court found.
If the insured is awarded attorney's fees under the facts of this case, insurers will be discouraged from settling third-party claims they defend under a reservation of rights for settlement will subject them to paying attorney's fees for an unnecessary declaratory judgment action filed by the insured. It would also encourage insureds to rush to the courthouse to file a declaratory judgment action, even while being defended by the insurer, to secure attorney's fees under section 627.428. And, it may adversely affect insurers from defending under a reservation of rights. All of these outcomes will undoubtedly continue to increase the burden on the judicial system.
For these reasons, we affirm the trial court's order.
STONE, MAY, JJ., and DAMOORGIAN, DORIAN K., Associate Judge, concur.
NOTES
[1] The insured sought attorney's fees for not only bringing the declaratory judgment action, but for the time spent in defending the third-party claim prior to the insured's notification to the insurer.
[2] We note the trial court dismissed the declaratory judgment action at a hearing on the insured's motion for summary judgment. The record fails to indicate the insurer filed a separate motion to dismiss. Nonetheless, the insured has not raised the propriety of the trial court's actions in this regard.