961 So.2d 1007 (2007)
William R. UFER, Sr., and Rex-Douglas Corporation, Appellants,
v.
STATE AUTO INSURANCE COMPANIES, Appellee.
No. 4D06-1407.
District Court of Appeal of Florida, Fourth District.
July 11, 2007.
Rehearing Denied August 27, 2007.
Frank R. Brady and Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, for appellants.
James G. Salerno and Heather Rogers Barrow of Peterson Bernard, Fort Lauderdale, for appellee.
MAY, J.
An insured appeals an order denying its request for attorney's fees, pursuant to section 627.428, Florida Statutes (1998). It argues the court erred in denying attorney's fees for its defense of a declaratory judgment action that resulted in a finding of no coverage and entry of summary *1008 judgment in favor of the insurer. We disagree and affirm.
The insured is the owner and operator of a Meineke Discount Muffler Shop franchise.[1] In April 1998, Anthony Ostuni, a shop mechanic, was shot and killed during a robbery. The decedent's wife sought and collected workers' compensation benefits relying on her husband's status as an employee of Rex-Douglas. She subsequently filed a wrongful death action against the insured alleging that her husband had been a business invitee of Meineke. State Auto issued both a general liability and an umbrella policy to the insured.
State Auto informed the insured that it would defend the wrongful death action under a reservation of rights. State Auto based its reservation on the workers' compensation exclusion contained within the policy. The reservation of rights letter provided:
We continue to require your complete cooperation and assistance in investigating the loss and resolving the coverage questions. If you are contacted by anyone regarding this claim, are served with any lawsuits or receive any correspondence, please contact the undersigned immediately. You may wish to discuss this matter with your own personal attorney.
State Auto then filed a Petition for Declaratory Judgment against the insured and the plaintiff in the wrongful death action, which it later amended.[2] In its Second Amended Petition for Declaratory Judgment, State Auto claimed the policies did not provide coverage because the decedent was an employee of the insured, who was statutorily immune from suit under the Workers' Compensation Law, sections 440.01 and 440.11, Florida Statutes (1998). State Auto sought a judicial determination of the single issue of its obligation to provide coverage.
The insured filed an answer with nine affirmative defenses and a counter-petition. In its counter-petition, the insured sought a declaration that it was entitled to both indemnity and a defense under either or both the general liability and/or umbrella policy. The insured also sought attorney's fees and costs under both policies, pursuant to sections 57.105(2), 86.081, 624.155(3), and 627.428, Florida Statutes (1998).
The insured moved for partial summary judgment on its affirmative defenses and counter-petition as to State Auto. It maintained that State Auto had a duty to defend the insured in the underlying wrongful death action under both policies. State Auto agreed and acquiesced to the entry of a partial summary judgment on the duty to defend pending a ruling on the coverage issue. The trial court entered a partial summary judgment on State Auto's duty to defend.
The plaintiff filed an answer and affirmative defenses to State Auto's petition, and the insured filed a reply in avoidance of it. Borrowing State Auto's argument against the insured that there was no coverage, the insured argued against the plaintiff that her acceptance of workers' compensation benefits was inconsistent *1009 with her position in the wrongful death action that her husband was a business invitee. The insured further argued that the doctrines of judicial estoppel, res judicata or collateral estoppel would bar the wrongful death action once there was a declaration that there was no coverage under the policies based on workers' compensation immunity.
The insured moved for summary judgment on its reply in avoidance of the plaintiff's pleading in State Auto's declaratory judgment action. The trial court ultimately ruled that the plaintiff's wrongful death claim against the insured was barred by the workers' compensation statute, section 440.11.[3] On outstanding motions for summary judgment between State Auto and the insured, the trial court granted summary judgment for State Auto on the coverage issue based upon the workers' compensation exclusion. The plaintiff appealed these judgments, which this court affirmed. Ostuni v. Meineke Discount Muffler Shops, Inc., 948 So.2d 848 (Fla. 4th DCA 2007).
The insured then moved to assess attorney's fees and costs for its defense of the declaratory judgment action and its prosecution of its counter-petition. State Auto filed an opposition to the motion, arguing that the insured was not the prevailing party. Further, State Auto argued that the partial summary judgment on the duty to defend had been agreed to and merely reflected what State Auto was already doingproviding a defense to the insured. The trial court found that State Auto, not the insured, was the prevailing party and denied the motion for attorney's fees and costs.
The insured now claims the trial court erred when the court denied the request for attorney's fees sought under section 627.428(1) because it was forced to defend the declaratory judgment action. State Auto responds that the insured failed to meet the statutory requirements for entitlement to fees under section 627.428(1).
The American Rule on attorney's fees and costs is that each party pays its own expenses absent a statute or contractual provision authorizing such an award. Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla.2003). Section 627.428(1) provides
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured . . . prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.
This section "applies in virtually all suits arising under insurance contracts." State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) (footnote omitted).
Traditionally, section 627.428(1) applied "in first-party cases between an insured and its insurer where judgment is actually entered against the insurer." Basik Exports & Imports, Inc. v. Preferred Nat. Ins. Co., 911 So.2d 291, 292 (Fla. 4th DCA 2005), review denied, 935 So.2d 1219 (Fla. 2006); Ivey v. Allstate Ins. Co., 774 So.2d 679, 684 (Fla.2000).
Here, there were two requests for relief between the insured and the insurer. The first claim was State Auto's petition for *1010 declaratory judgment on the coverage issue. The second claim was the insured's counter-petition seeking a declaration that State Auto owed a defense of the wrongful death action and that the policies provided coverage.
On the duty to defend, State Auto conceded the issue from the start, providing a defense to the insured under a reservation of rights. It neither questioned nor failed to provide the requisite defense to the insured on the underlying wrongful death claim. Thus, the insured's request for a declaration on State Auto's duty to defend was unnecessary and cannot serve as the basis for an award of attorney's fees. Basik Exports & Imports, Inc., 911 So.2d at 292, 294.
On the coverage issue, State Auto, not the insured, prevailed. The insured's winning argument against the plaintiff automatically rendered it the losing party against State Auto. Indeed, it was the plaintiff's manipulation of the pleadings in the wrongful death action that gave rise to the controversy. After previously taking the position that the decedent was an employee of the insured and accepting workers' compensation benefits, the plaintiff alleged the decedent had been a business invitee, which was a truly inconsistent position.[4] Because the insured lost the coverage issue, the trial court correctly denied attorney's fees and costs to the insured.
Affirmed.
SHAHOOD, C.J., and GROSS, JJ., concur.
NOTES
[1] "Insured" refers to William R. Ufer, Sr., and Rex-Douglas Corporation. Rex-Douglas was doing business as Meineke Discount Muffler Shop. It was initially believed that Ufer, Sr. was an owner, principal, and shareholder in Rex-Douglas. Through discovery, State Auto learned that he neither had an ownership interest nor was an officer, director, or employee of the company as of January 1992.
[2] The same trial judge handled both the liability and coverage actions. In addition to insurance defense counsel provided by State Auto, the insured retained private counsel.
[3] State Auto had filed similar motions in the underlying wrongful death action, but because the record did not include evidence of the workers' compensation claim at that time, the trial court denied those motions as premature.
[4] If anyone is responsible for the insured's attorney's fees, it should be plaintiff's counsel, who purposefully pleaded inconsistent facts in an effort to create coverage where it did not exist.